IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY REYNA,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §   No. 1:25-CV-01498-ADA-SH<br>§ |
| CAPITAL ONE FINANCIAL CORP.,<br>CAPITAL ONE BANK (USA), N.A.,<br>*Defendants* | §<br>§<br>§ |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Joseph Anthony Reyna's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Permission to File Electronically (Dkt. 3), all filed September 11, 2025.[1]

### I. Background

In the past four months, Reyna has filed eleven lawsuits in this Court.[2] To date, Magistrate Judges have recommended dismissal of five of them as frivolous under 28 U.S.C. § 1915(e)(2):

---

[1] The District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and the District Court's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

[2] *Reyna v. Tex. Dep't of State Health Servs.*, No. 1:25-cv-00871-ADA (W.D. Tex. June 2, 2025); *Reyna v. Spotify Tech. S.A.*, No. 1:25-cv-01023-DAE (W.D. Tex. June 26, 2025); *Reyna v. DaVita Inc.*, No. 1:25-cv-01028-RP-SH (W.D. Tex. June 27, 2025); *Reyna v. Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML (W.D. Tex. July 15, 2025); *Reyna v. Nelnet, Inc.*, No. 1:25-cv-01107-ADA-DH (W.D. Tex. July 15, 2025); *Reyna v. Tex. Dep't Transp.*, No. 1:25-cv-01290-DAE-ML (W.D. Tex. Aug. 5, 2025); *Reyna v. Soc. Sec. Admin.*, No. 1:25-cv-01293-ADA (W.D. Tex. Aug. 11, 2025); *Reyna v. Wells Fargo Bank, N.A.*, No. 1:25-cv-01356-RP-ML (W.D. Tex. Aug. 21, 2025); *Reyna v. Block, Inc.*, No. 1:25-cv-01402-RP-SH (W.D. Tex. Aug. 28, 2025); *Reyna v. Cap. One Fin. Corp.*, No. 1:25-cv-01498-ADA-SH (W.D. Tex. Sep. 11, 2025); *Reyna v. Twitch Interactive, Inc.*, No. 1:25-cv-01504-RP-DH (W.D. Tex. Sep. 11, 2025).

*Soc. Sec. Admin.*, No. 1:25-cv-01293-ADA; *Nelnet, Inc.*, No. 1:25-cv-01107-ADA-DH; *Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML; *DaVita Inc.*, No. 1:25-cv-01028-RP-SH; *Spotify Tech. S.A.*, No. 1:25- cv-01023-DAE. Magistrate Judge Howell has warned Reyna twice that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system. *Nelnet, Inc.*, No. 1:25-cv-01107-ADA-DH, Dkt. 6; *Spotify Tech. S.A.*, No. 1:25- cv-01023-DAE, Dkt. 7. Two of Reyna's lawsuits have already been dismissed. *DaVita*, No. 1:25-cv-01028-RP-SH, 2025 WL 2423330 (Aug. 21, 2025); *Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML, 2025 WL 2375391 (Aug. 14, 2025).

## II. Application to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Reyna's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Reyna *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Reyna at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III. Review of the Merits of the Claim

Because Reyna has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires that a court dismiss a case that it determines "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Reyna's complaint is styled as a "Verified Rule 27 Petition to Perpetuate Testimony, Preserve Metadata, and Request ADA Accommodation." Dkt. 1 at 1. He alleges that his "anticipated claims arise under federal law: the Lanham Act, DMCA § 1202(b), the ADA (42 U.S.C. §§ 12182, 12203), and RICO (18 U.S.C. § 1962)," but states that he "is prepared to resolve this matter pre-suit for $20,000 if tendered promptly." *Id.* at 1-2, 7.

One month before he filed this case, Reyna filed a "Rule 27(a) Petition" in *Soc. Sec. Admin.*, No. 1:25-cv-01293-ADA. His instant complaint fails for the same reasons Judge Lane stated in recommending dismissal of the earlier petition with prejudice. *Id.* at Dkt. 4.

Rule 27(a) allows pre-litigation depositions to perpetuate testimony in some circumstances:

> (a) Before an Action Is Filed.
>
> > (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
> >
> > > (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> > >
> > > (B) the subject matter of the expected action and the petitioner's interest;
> > >
> > > (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> > >
> > > (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> > >
> > > (E) the name, address, and expected substance of the testimony of each deponent.

Reyna does not satisfy these requirements. He does not seek to compel the deposition of anyone. He neither identifies any proposed deponent nor describes the expected testimony of any proposed deponent. He does not explain why he cannot bring an action now. Nor does he describe the facts he seeks to establish by the proposed testimony. Because Reyna's petition does not satisfy Rule 27(a), it is frivolous, and this Magistrate Judge recommends it be dismissed with prejudice.

### IV. Motion for Permission to File Electronically

In his Motion for Permission to File Electronically (Dkt. 3), Reyna states that he has an email account to receive notifications from the Court and notices from the e-filing system but does not show that he has regular access to the technical requirements for filing electronically, a prerequisite for electronic filing in this Court.[3] Dkt. 3 at 2. Therefore, his motion is denied without prejudice.

---

[3] Local Court Rule CV-5(a) and the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, both available on the Western District of Texas website (https://www.txwd.uscourts.gov/).

4

## V. Order

The Court **GRANTS** Reyna's application to proceed *in forma pauperis* (Dkt. 2) under 28 U.S.C. § 1915(a)(1) and **DENIES** without prejudice Reyna's Motion for Permission to File Electronically (Dkt. 3).

## VI. Recommendation

The Court **RECOMMENDS** the District Court **DISMISS with prejudice** Plaintiff Joseph Anthony Reyna's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## VII. Pre-Filing Bar

As stated above, Reyna has filed eleven lawsuits in this Court over the past four months and has twice been warned that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims. Federal courts "have the inherent power to police the conduct of litigants and attorneys who appear before them," *In re Rudder*, 100 F.4th 582, 584 (5th Cir. 2024), including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). In addition to monetary sanctions, a court may "impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008).

Reyna's "wasting of increasingly scarce judicial resources must be brought to an end." *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). This Magistrate Judge **RECOMMENDS** that the District Court impose a pre-filing bar on future litigation by Reyna.

The Court **ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## VIII.  Warnings

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 1, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE